UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LLC CONSULTING AND LESLEY VOWELS                                              Plaintiffs

v.                                                              Civil Action No. 3:24-cv-00645-RGJ

CHERYL VOWELS                                                                  Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs LLC Consulting and Lesley Vowels initiated this *pro se* action. [DE 1]. Plaintiff Vowels has filed twenty-eight cases in this Court since May 15, 2024. She lists her and LLC Consulting's address in all the actions as 1153 Ellerholt Court, Louisville, KY 40211. Plaintiffs have been repeatedly warned that to comply with the Court's Local Rules they must either provide a valid mailing address or file the Registration to Receive Documents Electronically Form in each case filed. Plaintiff Vowels has refused to file a valid Registration to Receive Documents Electronically Form in twenty-seven of her twenty-eight cases. Without a legally valid means of communication, neither Orders from this Court nor filings by Defendants in these cases can be served on Plaintiffs. Despite these warnings, Plaintiffs filed this new action listing once again the 1153 Ellerholt Court address as their address of record and failing to file a Registration to Receive Documents Electronically Form. For the reasons stated herein, the Court concludes that the following injunction should be issued.

**I.**

It is well established that a court possesses the inherent authority to control proceedings before it and to take any and all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Where a party repeatedly takes actions that interfere with

the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct. *Id.* at 45–46. While the Sixth Circuit has held that an individual cannot be absolutely foreclosed from initiating an action or filing an appeal in federal court, a court may impose prefiling restrictions on an individual with a history of abusive or vexatious litigation. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987), and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992). Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Federal courts may revoke or deny the privilege of proceeding without paying the filing fees that apply to other plaintiffs when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). In fact, the imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith[.]" *Maxberry*, 879 F.2d at 224.

As noted above, the Court records reflect that Plaintiff Vowels filed twenty-eight cases in this Court in six months. Before Plaintiffs filed the instant action, the Court entered Orders in twenty of the cases instructing Plaintiff Vowels that the 1153 Ellerholt Court address is not a valid address for her or Plaintiff LLC Consulting because mailings in all the cases before the Court had been returned by the United States Post Office as undeliverable.[1] In each case, the Court ordered Plaintiff Vowels to provide a valid address of record **or** file a Registration to Receive Documents Electronically Form. Plaintiff Vowels failed to comply with the Orders in those cases, and the actions were dismissed under Fed. R. Civ. P. 41(b).

Furthermore, the Court found that Plaintiff Vowels's repeated failures to comply with the Court's straightforward Orders is an abuse of the Court's resources and shows that she is a vexatious litigant. In fact, the Court repeatedly warned Plaintiff Vowels in four separate actions that if she continued to file new actions without providing a valid address of record for her or LLC Consulting or filing a Registration to Receive Documents Electronically Form, the Court would impose sanctions against her, including but not limited to prefiling restrictions. *See Vowels v. The United States of Kentucky Office of Claims and Appeals*, 3:24-cv-00591-DJH; *Vowels v. The United States of Kentucky Office of Claims and Appeals*, 3:24-cv-00596-RGJ; *Vowels v. Ferrell*, 3:24-cv-00604-GNS; *LLC Consulting v. Automotive Specialists*, 3:24-cv-00605-RGJ. Despite these warnings, Plaintiff Vowels filed this new complaint once again listing the 1153 Ellerholt

---

[1] *See Vowels v. Daves Towing*, No. 3:24-cv-00378-RGJ; *Vowels v. Budgetel Inn & Suites*, No. 3:24-cv-00413-GNS; *Vowels v. Budgetel Inn & Suites*, No. 3:24-cv-00422-GNS; *Vowels v. State of Kentucky*, No. 3:24-cv-00439-DJH; *Vowels v. The State of Kentucky*, No. 3:24-cv-00441-GNS; *Vowels v. PNC Bank*, 3:24-cv-00447-CRS; *Vowels v. The State of Kentucky*, No. 3:24-cv-00454-GNS; *Vowels v. The State of Kentucky*, No. 3:24-cv-00475-RGJ; *Vowels v. Sharon Landrum Realty, Inc.*, 3:24-cv-00480-DJH; *Vowels v. The Hartford*, No. 3:24-cv-00520-GNS; *LLC Consulting v. Shively Animal Hospital*, 3:24cv00525-DJH; *Vowels v. The State of Kentucky*, No. 3:24-cv-00532-GNS; *Vowels v. Public Storage*, 3:24-cv-00564-DJH; *LLC Consulting v. Mylrea*, 3:24-cv-00565-DJH; *Vowels v. DISH Wireless, LLC*, 3:24-cv-00566-RGJ; *LLC Consulting v. Gardner Used Cars*, 3:24-cv-00568-DJH; *LLC Consulting v. White*; 3:24-cv-00569-CHB; *Vowels v. The United States of Kentucky Office of Claims and Appeals*, 3:24-cv-00591-DJH; *Vowels v. The United States of Kentucky Office of Claims and Appeals*, 3:24-cv-00596-RGJ; *LLC Consulting v. Automotive Specialists*, 3:24-cv-00605-RGJ.

Court address as her address of record and failing to file a Registration to Receive Documents Electronically Form.

Given Plaintiff Vowels's pattern of filing such lawsuits, the Court concludes that the least severe sanction likely to deter her from filing similar pleadings is to permanently enjoin her and LLC Consulting from proceeding *in forma pauperis* in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Plaintiffs.

## II.

Accordingly, **IT IS ORDERED that Lesley Vowels and LLC Consulting shall no longer be permitted to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky. The Clerk of Court is DIRECTED not to accept for filing any complaint by Vowels or LLC Consulting that is not accompanied by the proper filing fee. Should Vowels or LLC Consulting file a new action that is not accompanied by the filing fee, the Clerk of Court is DIRECTED to return the complaint with a copy of this Memorandum Opinion and Order.**

Date:

cc: Plaintiffs, *pro se*
    United States District Court, Western District of Kentucky, all divisional offices
A961.014